UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADRIAN HOLLEY, et al.,
Plaintiffs,
v.
GILEAD SCIENCES, INC.,
Defendant.

This order relates to:

*Cash v. Gilead Sciences, Inc.*, Case No. 4:22-cv-08970-JST

Case No. 18-cv-06972-JST

**ORDER GRANTING MOTION TO DISMISS AS TO PLAINTIFF DIANA CASH; ORDER DENYING AS MOOT MOTION TO SUSPEND CASE DEADLINES**

Re: ECF Nos. 1833, 1845

Before the Court is Defendant Gilead Sciences, Inc.'s motion to dismiss Plaintiff Diana Cash's claims. ECF No. 1833.[1] The Court finds Gilead's motion to be suitable for resolution without oral argument, *see* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b), and will now grant the motion.

## I. BACKGROUND

The Court previously summarized the history of this case as follows:

> Cash's claims were originally brought through counsel in a multi-plaintiff complaint in *Mosely v. Gilead Sciences, Inc.*, Case No. 19-cv-5816. On March 5, 2021, counsel moved to withdraw from representing Cash, citing Rule 1.16(b)(1) of the California Rules of Professional Conduct. ECF No. 591; ECF No. 591-1 at 2. That rule allows counsel to withdraw from representation if "the client insists upon presenting a claim or defense in litigation . . . that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law." Cal. R. Prof. Conduct 1.16(b)(1). The motion to withdraw was granted on April 7, 2021, ECF No. 645, and Cash proceeded to represent herself. On November 22, 2021, Gilead moved to dismiss Cash's claims without prejudice because she failed to submit a

[1] Unless otherwise noted, ECF citations refer to the docket in Case No. 18-cv-6972.

United States District Court
Northern District of California

United States District Court
Northern District of California

> Plaintiff Fact Sheet as required by the Court's orders. ECF No. 838. The Court granted the motion on December 28, 2021. ECF No. 866.
>
> On November 24, 2021, Cash, representing herself without a lawyer, filed a complaint in New York state court. *Cash v. Gilead Scis., Inc.*, No. 23-cv-1266 ("*Cash II*"), ECF No. 1-4 at 2. In its entirety, the complaint states: "Personal Injuries for $15,000.00 with interest from 01/01/2010; Failure to provide proper services for $9,000.00 with interest from 01/01/2010; Return of Security for $500.00 with interest from 01/01/2010; Unpaid Wages for $500.00 with interest from 01/01/2010." *Id.* Gilead removed the case to the Eastern District of New York, which transferred the case to this district on March 17, 2023. *Cash II*, ECF Nos. 1, 8.
>
> On December 13, 2022, Cash, again representing herself without a lawyer, filed another complaint in the Eastern District of New York. *Cash v. Gilead Scis., Inc.*, No. 22-cv-8970 ("*Cash I*"), ECF No. 1. In that complaint, she alleged that she suffered various side effects from taking one of Gilead's medications. *Id.* The case was transferred to this district on December 16, 2022. *Cash I*, ECF No. 4.
>
> The Court consolidated both *Cash I* and *Cash II* with *Holley v. Gilead Sciences Inc.*, Case No. 18-cv-6972, on May 24, 2023. ECF No. 1293.

ECF No. 1798 at 1–2.

On May 22, 2026, the Court granted Gilead's motion for judgment on the pleadings as to Cash's claims and granted her leave to file an amended complaint. *Id.* at 4. It also directed the Clerk to close *Cash II* "[b]ecause there is no need for Cash to have two open cases based on the same set of claims." *Id.*

On June 2, 2026, Cash filed a document that was labeled as a "declaration." ECF No. 1807. The Court construed that document as Cash's amended complaint and set a responsive briefing schedule. ECF No. 1827. Gilead now seeks dismissal of Cash's claims with prejudice. ECF No. 1833. Cash's opposition was filed in her individual case. *Cash I*, ECF No. 48.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

United States District Court
Northern District of California

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations need not be detailed, but they must be "enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In determining whether a plaintiff has met the plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III. DISCUSSION

When the Court granted Gilead's motion for judgment on the pleadings, it explained the deficiencies in Cash's first two complaints:

> In *Cash I*, Cash alleges that she suffered multiple side effects from taking Atripla, one of Gilead's medications. As Gilead correctly observes, however, the complaint does not "articulate[] any theory, based on warnings, design, or otherwise, that would entitle her to damages for her alleged harm." ECF No. 1776 at 6. Her opposition to Gilead's motion similarly asserts vague allegations of harm without presenting any basis on which Cash seeks to hold Gilead liable. For example, she states, "Plaintiff has all the rights to continue in this law suit against[] Defendant; Gilead medication Atripla violated Plaintiff['s] Rights. . . . The Defendant Gilead['s medication has] various side effects [and] damages [that Plaintiff] experienced." ECF No. 1786 at 7–8. She further states, "Gilead Sciences Inc. have . . . had clients die[] from liver and kidney failure." *Id.* at 10. Her opposition contains a list of side effects and attaches medical records, but this only provides more detail to the harm that Cash alleges she suffered. Neither the complaint nor the opposition indicate what causes of action Cash seeks to bring. Instead, like the complaint, Cash's opposition presents "an unadorned, the-defendant-unlawfully-harmed-me accusation," which is insufficient to survive a motion for judgment on the pleadings. *Iqbal*, 556 U.S. at 678. The Court therefore grants Gilead's motion as to *Cash I*.
>
> The complaint in *Cash II* is even more deficient because it alleges no facts at all and, instead, asserts only that Cash is entitled to $25,000 plus interest based on unspecified "Personal Injuries," "Failure to provide proper services, "Return of Security," and "Unpaid Wages." *Cash II*, ECF No. 1-4 at 2. Cash does not, for

> example, indicate how she has been injured or why Gilead should be held liable for causing any of those injuries. Nor does she allege what services she believes Gilead was obligated to provide, what security was allegedly not returned, or whether she has any basis to assert a claim for unpaid wages. Accordingly, the Court also grants Gilead's motion as to *Cash II*.

ECF No. 1798 at 3–4.

Neither the document the Court construed as Cash's amended complaint nor her opposition to Gilead's motion to dismiss corrects these deficiencies. She does assert "that Gilead intentionally delayed the release of a safer [TAF]-based alternative to maximize profits from their existing TDF drug monopoly, exposing . . . Cash to unnecessary risks of bone density damage, pain and suffering mentally, TDF side effects." ECF No. 1807 at 2. But she continues to fail to indicate what claims she seeks to bring or the legal theory or theories under which she believes Gilead should be held liable for the side effects she alleges she experienced. The document that the Court construed as an amended complaint also contains a request for the Court "to simply grant dismissal of the action instead of entry of judgment of the Defendant." *Id.* at 10.

Her opposition to the motion similarly states that she "seeks dismissal of this case pursuant to Federal Rules of Civil Procedure." *Cash I*, ECF No. 48 at 5. In arguing for "dismissal," she appears to believe that Gilead must "comply with threshold pleading standards" and "state a claim upon which relief can be granted." *Id.* at 6; *see also id.* at 14 ("Dismissal is warranted under Federal Rules of Civil [Procedure]. Defendant has fail[ed] to meet the threshold pleading standards and has not articulated a claim that entitles to the Defendant. The Court should dismiss this case with prejudice."). But those are requirements that Cash, as the plaintiff, must satisfy with her complaint, not obligations Gilead must meet at this stage of the proceedings. She states that she is "clarify[ing] how I know and believe that I'm . . . entitled to relief" by explaining that her "theory is liable being in position in undesirable outcome and evidence shows to Defendant medicine." *Id.* at 34. But simply suffering "undesirable outcomes" is not sufficient to state a claim for relief. The Court continues to find that Cash presents only "an unadorned, the-defendant-unlawfully-harmed-me accusation," which is not enough to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

Dismissal is without leave to amend for the following reasons: After her claims were

dismissed without prejudice from a prior complaint filed by counsel, Cash filed two complaints representing herself. The Court granted judgment on the pleadings as to both complaints with leave to amend. The Court construed one of the documents Cash filed as her amended complaint. Cash has now had two opportunities to oppose Gilead's motions to resolve this case on the pleadings. None of the documents Cash has filed indicates that she will be able to state a plausible claim for relief in compliance with Rule 8, and the Court therefore finds good cause to dismiss this case without leave to amend. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment. A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously amended." (citation modified)).

## CONCLUSION

For the above reasons, the Court grants Gilead's motion to dismiss Plaintiff Diana Cash's claims with prejudice. The Clerk shall enter judgment and close the file in *Cash I*, Case No. 22-cv-8970.

Gilead's motion to suspend case-specific deadlines as to Cash, ECF No. 1845, is denied as moot.

**IT IS SO ORDERED.**

Dated: October 14, 2026

JON S. TIGAR
United States District Judge